IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLINTON LEE POORES, #318593,      )
                                  )
          Plaintiff,              )
                                  )
   v.                             )  CIVIL ACTION NO. 2:20-CV-714-WKW
                                  )
STEVE MARSHALL, *et al.*,         )
                                  )
          Defendants.             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Clinton Lee Poores, an indigent state inmate currently incarcerated at the Bullock

Correctional Facility on convictions imposed upon him for attempted murder and

possession, transfer or manufacture of a destructive device.  Doc. 1 at 5.[2]  Poores names

Steve Marshall, the Attorney General of Alabama, Yvonne Saxon, an assistant attorney

general, and Emily Steele, the attorney appointed to represent him on appeal of his

convictions, as defendants.  In the complaint, Poores presents claims challenging the

constitutionality of the representation provided by the defendants during the direct appeal

process.  Doc. 1 at 5–16.  He seeks declaratory relief and monetary damages for the alleged

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

[2] The trial court sentenced Poores to concurrent sentences of 25 years imprisonment on the attempted murder conviction and 10 years imprisonment on the destructive device conviction.  Doc. 1 at 5.

violations of his constitutional rights. Doc. 1 at 4, 16. With respect to the declaratory relief sought, Poores seeks "a new and fair/impartial appeal in the Alabama Court of Criminal Appeals[,]" Doc. 1 at 4, and "[a] declaration that Plaintiff was put to trial, convicted, and sentenced [for the destructive device offense when] the evidence produced by the State [regarding] the alleged destructive device" failed to meet the applicable legal definition for such a device. Doc. 1 at 16.

Upon thorough review of the complaint, the undersigned finds that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[3]

## II. DISCUSSION

### A. Defendants

1.    **<u>Attorney General Steve Marshall and Assistant Attorney Yvonne Saxon</u>**.

Poores challenges the actions undertaken by defendants Marshall and Saxon in presenting the State's case to the Alabama Court of Criminal Appeals. The law is well-settled that "a prosecutor is entitled to absolute immunity for all actions he [or she] takes while performing his [or her] function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the

---

[3] This court granted Poores leave to proceed *in forma pauperis* in this cause of action. The court is therefore obligated to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.").   The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986).   Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor "in initiating a prosecution and in presenting the State's case . . . insofar as that conduct is intimately associated with the judicial phase of the criminal process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks and citation omitted).

Insofar as Poores seeks relief from Attorney General Marshall and Assistant Attorney General Saxon for their actions undertaken in representing the State during the direct appeal of his convictions, it is clear that these actions occurred while defendants Marshall and Saxon engaged in activities intimately associated with the judicial phase of the criminal process, conduct for which they are entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493.  Thus, Poores' claims against defendants Marshall

and Saxon are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i)
and (iii).

**2.      Appointed Appellate Counsel Emily Steele**.

In the complaint, Poores presents numerous claims challenging the effectiveness of
representation provided to him by Emily Steele on appeal of his convictions.  In accordance
with applicable federal law, Poores is entitled to no relief on these claims under 42 U.S.C.
§ 1983.

An essential element of a § 1983 action is that a person acting under color of state
law committed the asserted constitutional deprivation.  *American Manufacturers Mutual
Ins. Company v. Sullivan*, 526 U.S. 40 (1999); *Willis v. University Health Services, Inc.*,
993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a
> plaintiff] must establish that [he was] deprived of a right secured by the
> Constitution or laws of the United States, and that the alleged deprivation
> was committed under color of state law. . . .  [T]he under-color-of-state-law
> element of § 1983 excludes from its reach "'merely private conduct, no
> matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991,
> 1002, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982) (quoting *Shelley v. Kraemer*,
> 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 1161 (1948)). . . .  [Consequently,]
> state action requires ***both*** an alleged constitutional deprivation "caused by
> the exercise of some right or privilege created by the State or by a rule of
> conduct imposed by the State or by a person for whom the State is
> responsible," ***and*** that "the party charged with the deprivation must be a
> person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil
> Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); *see Flagg
> Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S. Ct. 1729, 56 L. Ed. 2d 185
> (1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

The law is well-settled that an attorney who represents an individual in state criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also, Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Since the representation by counsel about which Poores complains was not committed by a person acting under color of state law, the § 1983 claims presented against defendant Steele lack an arguable basis in law and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## B.  Challenges to Convictions

To the extent the claims presented in the complaint go to the fundamental legality of Poores' convictions on which he is now incarcerated, including but not limited to claims of ineffective assistance of appellate counsel, challenges to the sufficiency of the evidence, an allegation of double jeopardy and his attack on the validity of the indictment, he is entitled to no relief on these claims in this civil action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)*.

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and

complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 489.

The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily

imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520

U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or

monetary damages which "necessarily imply the invalidity of the punishment imposed,

[are] not cognizable under § 1983."). "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.

Ct. 1242, 161 L. Ed. 2d 253 (2005), the Supreme Court reviewed its prior holdings in this

area and summarized that 'a state prisoner's § 1983 action is barred (absent previous

invalidation [of his conviction or sentence])—no matter the relief sought (damages or

equitable relief), no matter the target of the prisoner's suit (state conduct leading to

conviction or internal prison proceedings)—if success in that action would necessarily

demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S. Ct. at 1248."

*Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original).  The rule

of *Heck* is therefore not limited to a request for damages but is equally applicable to an

inmate's request for declaratory or injunctive relief.  Furthermore, "[i]t is irrelevant that

[the plaintiff, as he does in this case,] disclaims any intention of challenging his

[controlling] conviction; if he makes allegations that are inconsistent with [either of] the

conviction's [on which he is currently incarcerated] having been valid, *Heck* kicks in and

bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*,

520 U.S. at 646–48).

In addition, "habeas corpus is the exclusive remedy for a state prisoner who" raises

claims which undermine the validity of a current conviction, "even  though such [] claim[s]

may come within the literal terms of § 1983."  *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at

645  (acknowledging that the "sole remedy in federal court" for a prisoner who presents

challenges which necessarily go to the constitutionality of a state court conviction is a

petition for writ of habeas corpus); *Okoro*, 324 F.3d at 490 (noting *Heck* holds that a state

inmate "making a collateral attack on his conviction . . . may not do that in a civil suit,

other than a suit under the habeas corpus statute.").  Consequently, an inmate "cannot seek

to accomplish by a section 1983 declaratory judgment what he must accomplish solely

through a writ of habeas corpus."  *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill.

1996).  Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground

of the challenge."  *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996);

*Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive

remedy" for a state inmate's claims which challenge the basis for or validity of his

incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]").  The

Supreme Court emphasized "that a claim either is cognizable under § 1983 and should

immediately go forward, or is not cognizable and should be dismissed."  *Balisok*, 520 U.S.

at 649.

Under the circumstances of this case, *Heck* and its progeny bar Poores' use of any

federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254,

to present claims which by their very nature mount a collateral attack on the validity of his

conviction(s).  *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the [challenged] conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").  Hence, the claims presented by Poores which necessarily challenge the constitutionality of either of his convictions are not cognizable in this civil action.  It is clear from the complaint and relevant state court records that the convictions imposed upon Poores for attempted murder and possession, transfer or manufacture of a destructive device have not been invalidated in an appropriate proceeding.  Thus, those claims presented in the complaint attacking the fundamental legality of either of these convictions provide no basis for relief at this time and, as such, are subject to summary dismissal under 28 U.S.C § 1915(e)(2)(B)(ii).[4]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

---

[4]  Poores is advised that any federal habeas petition he files is subject to the statutory procedural limitations imposed upon such petitions, i.e., the exhaustion of state court remedies, the one-year limitation period and the successive petition bar.  *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that– the applicant has exhausted the remedies available in the courts of the State[.]"); 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254 petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

1.  The plaintiff's claims against Steve Marshall, Yvonne Saxon and Emily Steele seeking relief for representation provided during state criminal proceedings before the Alabama Court of Criminal appeals be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2.  Those claims presented by the plaintiff which go to the fundamental legality of either of the convictions on which he is currently incarcerated be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims provide no basis for relief at this time in the instant cause of action.

3.  This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

On or before **September 28, 2020**, the plaintiff may file objections to this Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by

the district court the party may not challenge them on appeal in the absence of plain error or

manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 11th day of September, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE