IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLINTON LEE POORES, #318593, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-714-WKW |
| ) | [WO] |
| STEVEN T. MARSHALL, Alabama ) | |
| Attorney General; YVONNE ) | |
| SAXON, Alabama Assistant ) | |
| Attorney General; and EMILY ) | |
| STEELE, Plaintiff's former ) | |
| appointed appeal counsel, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Plaintiff Clinton Lee Poores, a state inmate who is serving time on his convictions for attempted murder and for the possession, transfer, or manufacture of a destructive device. On September 11, 2020, the Magistrate Judge filed a Recommendation (Doc. # 4) to which Plaintiff filed objections (Doc. # 5). Based upon a *de novo* review of those portions of the Recommendation to which objection is made, 28 U.S.C. § 636(b), the objections are due to be overruled, and the Recommendation is due to be adopted.

All of Plaintiff's objections, which have been carefully considered, lack merit. To illustrate, Plaintiff continues to challenge the manner in which the state attorney general's office handled his appeal, as well as the alleged ineffectiveness of his appellate counsel during the appeal. (Doc. # 5, at 2–5.) Plaintiff argues that the evidence presented by the State's expert at trial concerning the destructive device was fabricated and did not satisfy the statutory definition of a destructive device. Hence, he contends, among other things, that the state Attorney General erred in relying on the evidence presented at trial to argue on appeal that Plaintiff's convictions should be upheld. (Doc. # 5, at 4–5.) Plaintiff also continues to make numerous claims against his appellate counsel regarding her alleged ineffectiveness in handling his appeal. For the reasons adequately set out in the Recommendation, which will not be repeated here (*see* Doc. # 4, at 2–8), Plaintiff's claims are not cognizable in a § 1983 action, and these objections are due to be overruled.

Plaintiff also argues that *Heck v. Humphrey,* 512 U.S. 477 (1994), does not bar his challenge to his conviction for the possession, transfer, or manufacture of a destructive device. He contends that a ruling in his favor would not shorten his sentence because the attempted murder conviction is the "control[l]ing sentence." (Doc. # 5, at 5.) This objection also lacks merit. The Supreme Court's decision in *Heck* and its progeny prohibit the use of a § 1983 action to challenge the constitutionality of a conviction on which the inmate is currently incarcerated where

a ruling in the inmate's favor would necessarily imply the invalidity of the conviction or sentence. (*See* Doc. # 4 at 5–8.)  As correctly explained in the Recommendation:

> "[H]abeas corpus is the exclusive remedy for a state prisoner who" raises claims which undermine the validity of a current conviction, "even though such [] claim[s] may come within the literal terms of § 1983."  *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (acknowledging that the "sole remedy in federal court" for a prisoner who presents challenges which necessarily go to the constitutionality of a state court conviction is a petition for writ of habeas corpus); *Okoro*, 324 F.3d at 490 (noting *Heck* holds that a state inmate "making a collateral attack on his conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute.").

(Doc. # 4 at 7.)

Based on the foregoing, it is ORDERED as follows:

(1)  Plaintiff's objections (Doc. # 5) are OVERRULED;

(2)  The Recommendation (Doc. # 4) is ADOPTED;

(3)  Plaintiff's claims against Steven T. Marshall, Yvonne Saxon, and Emily Steele seeking relief for the representation provided during the criminal proceedings before the Alabama Court of Criminal Appeals are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii);

(4)  Plaintiff's claims challenging the fundamental legality of his convictions for which he is currently incarcerated are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims provide no basis for relief at this time; and

3

(5)     This action is DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

Final judgment will be entered separately.

DONE this 30th day of October, 2020.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE